FILED

2014 Apr-09  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JPH FOODS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:13-CV-2342-VEH** |
| | ) | |
| **13 ASSOCIATES, LLC, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## MEMORANDUM OPINION

This civil action was originally filed on November 22, 2013, in the Circuit Court of Cherokee County, Alabama, against the defendants 13 Associates, LLC ("13 Associates") and Real Estate Southeast, LLC ("RES"). (Doc. 1-1). The action arises out of a commercial lease agreement between the plaintiff and 13 Associates. According to the complaint, RES, the property manager for 13 Associates, negotiated the lease agreement on behalf of 13 Associates. The complaint first seeks a declaration that the lease agreement is void (Count One). Then, against 13 Associates alone, it alleges breach of contract (Count Two), and breach of the covenant of quiet enjoyment (Count Six). Against both defendants, the complaint alleges misrepresentation (Count Three), suppression (Count Four), fraudulent inducement

(Count Five), and conspiracy "to accomplish the acts set forth [in the complaint]" (Count Seven).

13 Associates removed the case to this court on December 30, 2013.[1] (Doc. 1). It is before the court on the plaintiff's January 3, 2014, motion to remand. (Doc. 6). For the reasons stated herein, the motion will be **GRANTED**.

## I.    STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See, City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[b]ecause removal jurisdiction raises significant federalism

---

[1]  "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F .3d 1202, 1207 (11th Cir.2008).  The unanimity requirement only applies to defendants which have been "properly joined *and served*."  28 U.S.C. § 1446 (b)(2)(A) (emphasis added).  Although RES has not joined in the removal, it has yet to be served with the summons and complaint.

concerns, federal courts are directed to construe removal statutes strictly. Indeed, all

doubts about jurisdiction should be resolved in favor of remand to state court.")

(citation omitted).

"In removal cases, the burden is on the party who sought removal to

demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410

F.3d 1350, 1353 (11th Cir. 2005) (citation omitted);  *Williams v. Best Buy Co.*, 269

F.3d 1316, 1319 (11th Cir.2001).

> That burden goes not only to the issue of federal jurisdiction, but also to
> questions of compliance with statutes governing the exercise of the right
> of removal. *Albonetti v. GAF Corporation-Chemical Group,* 520
> F.Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge,
> Inc. v. U.S. Fidelity & Guaranty Co.,* 496 F.Supp. 1254, 1255 (D.Iowa
> 1980); *Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242
> (E.D.Tenn.1978).

*Parker v. Brown*, 570 F.Supp. 640, 642 (D.C. Ohio, 1983)

> While it is undoubtedly best to include all relevant evidence in the
> petition for removal and motion to remand, there is no good reason to
> keep a district court from eliciting or reviewing evidence outside the
> removal petition. We align ourselves with our sister circuits in adopting
> a more flexible approach, allowing the district court when necessary to
> consider post-removal evidence in assessing removal jurisdiction. We
> emphasize, as did the court in *Allen,* that "under any manner of proof,
> the jurisdictional facts that support removal must be judged at the time
> of the removal, and any post-petition affidavits are allowable only if
> relevant to that period of time." *Allen,* 63 F.3d at 1335.

*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

3

## II.  ANALYSIS

The defendant claims that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  The statute requires "complete diversity between all named plaintiffs and all named defendants, and no defendant [may be] a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005).

The parties agree that the plaintiff was incorporated in the State of Alabama, and thus is a citizen of this state.  28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated."); (Doc. 1-1 at 1; doc. 1 at 5).  The parties also agree that RES "is a domestic limited liability company." (Doc. 1-1 at 1; doc. 1 at 5).[2]  Accordingly, there is not complete diversity here.

The defendant argues that "[RES's] citizenship . . . should not be considered

_____

[2]  "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The sole member of RES, Louise Jennings, describes herself as a "resident of the State of Alabama." (Doc. 1-4 at 1).

in determining whether diversity exists because [RES] has been improperly added solely to preclude removal to federal court." (Doc. 1 at 5).  The practice to which the defendant refers is so-called "fraudulent joinder." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  The Eleventh Circuit has noted that when fraudulent joinder occurs "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court . . . and a federal court may appropriately assert its removal diversity jurisdiction over the case."*Henderson*, 454 F.3d 1281 (citation omitted).  However, in order for the defendant "to prove that a co-defendant was fraudulently joined [it] must demonstrate either that: '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)). In this case, 13 Associates argues only the former grounds.  (Doc. 1 at 7).

As noted above, in addition to the claim for declaratory judgment, the complaint alleges, against 13 Associates alone, claims for breach of contract (Count Two) and breach of the covenant of quiet enjoyment (Count Six).  Against both defendants, the complaint alleges misrepresentation (Count Three), suppression (Count Four), fraudulent inducement (Count Five), and conspiracy "to accomplish the

acts set forth [in the complaint]" (Count Seven).  However, the notice of removal

argues only that the plaintiff has no claim against RES for misrepresentation,

suppression, and fraudulent inducement. (Doc. 1 at 6-10).  It then states: "[p]laintiff's

last claim is that of conspiracy.  However, because [p]laintiff cannot prevail on any

other claims in the [c]omplaint against [RES], then the conspiracy claim fails as

well."  (Doc. 1 at 10).  Similarly, the defendant's brief in response to the motion to

remand attacks the "fraud" claims, and then, in a footnote, states that the conspiracy

claim is due to be dismissed "if the underlying tort claims fail."  (Doc. 11 at 5, n. 3).

> The plaintiff notes that:
>
> Defendant, in its Notice of Removal and its Response to Plaintiff's
> Motion to Remand, did not contest that [p]laintiff's [c]omplaint states
> a cause of action against [RES] for conspiracy to breach the contract and
> conspiracy to breach the covenant of quiet enjoyment.

(Doc. 12 at 2).  In other words, the plaintiff argues that, even though RES did not

breach the contract or the covenant of quiet enjoyment, and even though no claim is

made against RES for that alleged conduct, RES could still be liable for engaging in

a conspiracy to cause the alleged breaches.  "The defendant must make [its] showing

by clear and convincing evidence."  *Id.*  "The burden of the removing party is a

'heavy one.'"  *Crowe*, 113 F.2d at 549 (quoting *B, Inc. v. Miller Brewing Co.,* 663

F.2d 545, 549 (5th Cir. Unit A, December 10, 1981)).[3]  Because 13 Associates does

not even address this issue, it has failed to carry its "heavy burden."

Further, the Alabama Supreme court has held that a conspiracy claim can exist

under such circumstances.  Borrowing from case law on <u>criminal</u> conspiracy, the

court has noted:

> It is not an essential element of the claim that a particular conspirator commit an  overt act in furtherance of the conspiracy. As stated in *Stokley v. State,* 254 Ala. 534, 542, 49 So.2d 284 (1950):
>
> > "This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally guilty with the one who does the act. Such community of purpose or conspiracy need not be proved by positive testimony. It rarely is so proved. The jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case. *Morris v. State,* 146 Ala. 66, 41 So. 274 [ (1906) ], and cases cited; *Jones v. State,* 174 Ala. 53, 57 So. 31 [ (1911) ]; *Teague v. State,* 245 Ala. 339, 16 So.2d 877 [ (1944) ]."

*Huckleberry v. M.C. Dixon Lumber Co., Inc.*, 503 So. 2d 1209, 1210-11 (Ala. 1987).

Judge Watkins in the Middle District of Alabama persuasively applied this

---

[3]  *Big B*, is <u>not</u> binding precedent in the Eleventh Circuit.  The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009).  Still, while *Big B* is not binding, *Crowe*, which relies on *Big B's* analysis, is.

principle in *Camp v. Corr. Med. Servs., Inc.*, 668 F. Supp. 2d 1338, 1367 (M.D. Ala.

2009) (Watkins, J.) *aff'd in part sub nom. Camp v. Corr. Med. Servs., Inc.*, 400 F.

App'x 519 (11th Cir. 2010).  In *Camp*, the plaintiffs Dr. Larry Camp and Sabrina

Martindale sued Correctional Medical Services, Inc. ("CMS"), Richard F. Allen, Ruth

Naglich, and Laura Ferrell.  *Camp*, 668 F. Supp. 2d at 1344.  Among other claims, the

amended complaint alleged a 42 U.S.C. § 1983 First Amendment retaliation claim

against all defendants, and civil conspiracy against CMS, Ferrell, and Naglich.  *Id.*

at 1348.  The court determined that Martindale's section 1983 claim against Ferrell

was due to be dismissed.  *Id.* at 1358.  However, despite the fact that Martingale had

no viable section 1983 claim against Ferrell, the court did not dismiss Martingale's

claim against Ferrell for <u>conspiracy to violate section 1983</u>, writing:

> Plaintiffs allege civil conspiracy against CMS, Naglich, and Ferrell. Civil conspiracy requires "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Keith v. Witt Auto Sales, Inc.,* 578 So.2d 1269, 1274 (Ala.1991). "The gist of the action is not the conspiracy alleged, but the wrong committed." *Sadie v. Martin,* 468 So.2d 162, 165 (Ala.1985). Thus, if the underlying wrong provides no cause of action, then neither does the conspiracy. A violation of § 1983 can serve as the underlying wrong in a civil conspiracy claim. *See Boone v. Mingus,* 697 F.Supp. 1577, 1582 (S.D.Ala.1988).
>
> . . .
>
> Plaintiffs have . . . presented sufficient evidence to survive summary judgment on their civil conspiracy claim against Naglich and

Ferrell. According to the Alabama Supreme Court, "The existence of the conspiracy must often be inferentially and circumstantially derived from the character of the acts done, the relation of the parties, and other facts and circumstances suggestive of concerted action." *O'Dell v. State of Alabama ex rel. John Patterson,* 270 Ala. 236, 117 So.2d 164, 168 (1960). Here, Plaintiffs present evidence that both Ferrell and Naglich worked for the ADOC at the time of the alleged retaliatory action and that both Ferrell and Naglich were aware of Camp's and Martindale's protected speech at the time their applications with CMS were denied. Although Ferrell did not expressly instruct Linton not to pursue Martindale, "[i]t is not an essential element of the claim that a particular conspirator commit an overt act in furtherance of the conspiracy." *Huckleberry v. M.C. Dixon Lumber Co.,* 503 So.2d 1209, 1210–11 (Ala.1987).

*Id.* at 1367.

## III.  CONCLUSION

For the foregoing reasons, the court concludes that a civil conspiracy claim against RES is possible.  Accordingly, the court must consider the citizenship of RES in determining jurisdiction.  Because there is not complete diversity, this case must be **REMANDED** to the Circuit Court of Cherokee County, Alabama.  A separate order will be entered.

**DONE** and **ORDERED** this 9th day of April, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge